IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[3] SAUDY JASIEL FIGARO,<br>Defendant. | CRIMINAL NO. 25-226 (ADC) |

**PLEA AND FORFEITURE AGREEMENT**

**TO THE HONORABLE COURT:**

The United States of America, Defendant, [3] SAUDY JASIEL FIGARO, and Defendant's counsel, Kendys Pimentel-Soto, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

    Defendant agrees to plead guilty to Counts One and Seven of the Indictment:

    Count One:

    Beginning on a date unknown, but not later than April 27, 2025, up to and until the return of the instant Indictment, in the District of Puerto Rico, elsewhere, and within the jurisdiction of this Court, [3] SAUDY JASIEL FIGARO, did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, that is: to import into the United States from places outside thereof, to include the Dominican Republic, five (5) kilograms or more of a mixture or substance containing a detectable

amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

Count Seven:

On or about April 28, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, [3] SAUDY JASIEL FIGARO, who is an alien, as the term is defined in 8 U.S.C. § 1101(a)(3), did knowingly and intentionally attempted to enter and entered the United States at a time and place other than as designated by the immigration officers. All in violation of 8 U.S.C. § 1325(a).

### 2. Stipulation as to the Amount of Narcotics

The United States of America and the defendant stipulate and agree that the defendant shall be held accountable for conspiring to import into the United States at least one hundred fifty (150) kilograms but less than four hundred fifty (450) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance.

### 3. Maximum Penalties

**Count One**: The maximum statutory penalty for the offense charged in Count One of the Indictment, is a term of imprisonment of not less than ten (10) years and not more than life; a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18 or ten million dollars ($10,000,000); and a supervised release term of at least five (5) years, all pursuant to 21 U.S.C.§§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963.

**Count Seven**: The maximum statutory penalty for the offense charged in Count

Seven of the Indictment, is a term of imprisonment of not more than six (6) months, pursuant to 8 U.S.C. § 1325(a); a fine of not more than five thousand dollars (5,000) pursuant to 18 U.S.C. § 3571(b)(6); and a supervised release term of not more than one (1) years, pursuant to 18 U.S.C.§ 3583(b)(3).

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. § § 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 5. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) as to Count One and ten dollars ($10.00) as to Count Seven. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 6. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 7. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 8. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS<br>COUNT ONE<br>21 U.S.C. §§ 952(a), 960(a)(1) & (b)(1)(B)(ii), and 963 | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2D1.1(c)(2) | 36 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| Downward Variance for Early Acceptance of Responsibility, thereby conserving valuable judicial and prosecutorial resources | -2 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **31** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 108-135 | 121-151 | 135-168 | 151-188 | 168-210 | 188-235 |

- Count Seven is grouped with Count One pursuant to U.S.S.G § 3D1.2(a).

### 9. Sentence Recommendation

As to Count One, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree to request a sentence of imprisonment of one hundred and twenty (120) months, regardless of defendant's criminal history category. Defendant acknowledges that the count of conviction carries a mandatory sentence of 120 months of imprisonment unless he qualifies for relief under a separate provision of law. As to Count Seven, the sentence will run concurrent with the sentence imposed in Count One.

Furthermore, should the defendant be eligible for a reduction under U.S.S.G. § 4C1.1, the total offense level will be further reduced by two (2) levels.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

### 10. Downward Variance for Early Acceptance of Responsibility

The parties have agreed to recommend at sentencing that the Court grant a two-level downward variance from the applicable sentencing guidelines in recognition of the defendant's early acceptance of responsibility, which promotes the conservation of judicial and prosecutorial resources.

### 11. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 12. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months or less, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 13. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 14. Satisfaction with Counsel

Defendant is satisfied with counsel, Kendys Pimentel-Soto, Esq., and asserts that counsel has rendered effective legal assistance.

## 15. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

### 16. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts

that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

### 17. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 18. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 19. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 20. Dismissal of Remaining Counts

At sentencing should there be any pending counts, and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 21. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

## 22. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

## 23. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## 24. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror,

to hold public office, and to lawfully possess a firearm.

### 25. Forfeiture Provision

Defendant agrees to waive and forgo any interests or claims over any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation.

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture

proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney, Chief
Transnational Organized Crime Section
Dated: 9.15.2025

_____
María L. Montañez-Concepción
Assistant U.S. Attorney, Deputy Chief
Transnational Organized Crime Section
Dated: 9.15.2025

_____
Luis A. Valentin
Assistant U.S. Attorney
Dated: 9/11/2025

_____
Kendys Pimentel-Soto
Counsel for Defendant
Dated: 10/6/25

_____Figaro Sandy_____
[3] SAUDY JASIEL FIGARO
Defendant
Dated: 10/6/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 10/6/25

_Figaro Sandy_
[3] SAUDY JASIEL FIGARO
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 10/6/25

Kendys Pimentel-Soto
Counsel for Defendant

U.S. v. SAUDY JASIEL FIGARO,, 25-226 (ADC)

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant [3] SAUDY JASIEL FIGARO admits that he is guilty as charged in Counts One and Seven of the Indictment and admits the following:

On April 27, 2025, at approximately 23:37 AST, Troy 312, a Caribbean Air and Marine Branch (CAMB) Marine Enforcement Aircraft (MEA) detected a possible Surface Target of Interest (STOI) approximately 50 nautical miles north of Puerto Rico. The vessel was described as an Eduardoño-type vessel navigating without navigational lights at an approximate speed of 25 knots with several occupants onboard.

On April 28, 2025, at approximately 00:30 AST, San Juan Marine Unit was called out and responded launching Coastal Interceptor Vessel (CIV) M847. At approximately 02:42 AST, the MEA directed M847 to interdict the suspicious vessel. Upon obtaining a visual, the crew activated the interceptor's blue lights, siren, and hailer in an attempt to stop the vessel. The operator ignored all commands and started to drive erratically to avoid the law enforcement vessel.

The crew of M847 immediately deployed two marine warning rounds and immediately observed passengers aboard the STOI throwing bales into the water. The crew of M847 made the tactical decision to stop the evolution and recovered two (2) bales from the sea before resuming the pursuit of the STOI.

Subsequently, the Tactical Boarding Officer (TBO) deployed 4 disabling rounds disabling the starboard side engine of the STOI. The operator of the vessel continued fleeing southbound on one engine and driving erratically while the vessel was taking on water. The vessel was forcefully stopped eleven (11) nautical miles north of Hatillo, Puerto Rico. A total

of six (6) Dominican nationals, including the defendant [3] SAUDY JASIEL FIGARO, without proper documentation to enter or remain in the United States legally were apprehended and six (6) bales of cocaine were seized. A field-test of the bales yielded positive results for cocaine.

The vessel was deemed not seaworthy and abandoned at sea after proper notification was made to the United States Coast Guard. The contraband, six (6) subjects, two (2) GPSs and one (1) smartphone were transferred to the custody of Special Agents from the Homeland Security Investigation San Juan Border Enforcement Security Task Force (HSI-BEST) for further processing.

Defendant [3] SAUDY JASIEL FIGARO further acknowledges that beginning on a date unknown, but not later than April 27, 2025, up to and until the return of the instant Indictment, in the District of Puerto Rico, and within the jurisdiction of this Court he did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit an offense against the United States, that is: to import into the United States from places outside thereof, to include the Dominican Republic, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance. All in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846.

Defendant [3] SAUDY JASIEL FIGARO further acknowledges, that for sentencing guideline purposes, he shall be held accountable for the conspiracy to import more than 150 kilograms but less than 450 kilograms of cocaine.

U.S. v. SAUDY JASIEL FIGARO,, 25-226 (ADC)

Defendant [3] SAUDY JASIEL FIGARO also acknowledges that on or about April 27, 2025 he was not a citizen or national of the United States and did knowingly and intentionally attempt to enter and entered the United States at a time and place other than as designated by the immigration officers.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that defendant [3] SAUDY JASIEL FIGARO is guilty as charged in Counts One and Seven of the Indictment. Discovery was timely made available to Defendant for review.

_____
Luis A. Valentin
Assistant U.S. Attorney
Dated: 9/24/2025

_____
Kendys Pimentel-Soto, Esq.
Counsel for Defendant
Dated: 10/6/25

_____
Figaro Sandy
[3] SAUDY JASIEL FIGARO
Defendant
Dated: 10/6/25